CV 10 3963

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 30 2010 ★

LONG ISLAND OFFICE

SEYBERT, J

SLR:KAN:bsg
2010V01506

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

          Plaintiff,

   - against -

$23,865.00 IN UNITED STATES
CURRENCY and all proceeds
traceable thereto,

          Defendant.

- - - - - - - - - - - - - - - - X

VERIFIED COMPLAINT
IN REM

Civil Action
No. 10-

(          , J.)

## INTRODUCTION

    Plaintiff, United States of America, by its attorney, LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, Kathleen Nandan, Assistant United States Attorney, of counsel, alleges upon information and belief as follows:

### PRELIMINARY STATEMENT

    1.   This is a civil action *in rem* to forfeit and condemn to the use of the United States the above-captioned defendant funds, in accordance with 21 U.S.C. § 881(a)(6), as representing moneys or things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I of the United States Code, or proceeds traceable to such an exchange or money intended to be used to facilitate a controlled substance offense.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1395, in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

**THE DEFENDANTS IN REM**

4. The defendant funds (the "Defendant Funds") consist of $23,865.00 in United States currency seized on or about March 1, 2010 from Clara Vargas ("Vargas") at the location of 298 Wavecrest Drive, Mastic Beach, New York (the "Mastic Beach Premises").

**STATUTORY BACKGROUND**

5. Pursuant to 21 U.S.C. § 881(a)(6), all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I of the United States Code, or proceeds traceable to such an exchange or money intended to be used to facilitate a controlled substance offense are subject to forfeiture to the United States.

**FACTS**

6.  In 2009, Detectives of the Narcotics Section of the Suffolk County Police Department ("SCPD") conducted an investigation of Vargas for her sales of controlled substances from the Mastic Beach Premises.

7.  On May 2, 2009, agents of law enforcement arranged to meet Vargas in the driveway of the Mastic Beach Premises in order to purchase oxycontin pills. Oxycontin is a controlled substance.

8.  That evening, agents of law enforcement drove to the Mastic Beach Premises. They observed Vargas exit the front door of the home. She approached the passenger side window of the car and handed the individual inside the vehicle a plastic bag containing numerous pink pills labeled "OC" and with "20" stamped on them. After visually inspecting the bag, the SCPD officer handed Vargas the agreed-upon sum, $280.00, which included pre-recorded "buy money."

9.  On October 26, 2009, agents arranged another controlled buy of oxycontin from Vargas. Again, Vargas asked the agents of law enforcement to meet her in the driveway of the Mastic Beach Premises. The agents of law enforcement arrived at the driveway, and Vargas exited the home. She handed the individual in the vehicle a plastic bag containing numerous green pills labeled "OC" and with "80" stamped on them. After visually inspecting the bag, the SCPD officer gave Vargas $1,750.00, which

4

included pre-recorded "buy money."

10. Lab tests revealed that the pills that the agents of law enforcement purchased from Vargas tested positive for oxycodone.

11. On March 1, 2010, SCPD detectives arrested Vargas at the Mastic Beach Premises for these two sales of oxycontin.

12. During the search of Vargas conducted at the SCPD's 7th precinct, SCPD officers found and seized two rolls of United States currency, each totaling $10,000.00 underneath Vargas' breasts, $450 in her wallet and an undisclosed amount in her shoes, including $1,350 in pre-recorded "buy money."

13. Vargas made numerous statements to SCPD officers and admitted that she sold controlled substances "here or there once in a while for a few bucks." Vargas is unemployed.

14. The Defendant Funds consists of 207-$100 dollars bills, 54-$50 dollar bills and 20-$20 dollar bills, 2-$10 dollar bills, 6-$5 dollar bills and 15-$1 dollar bills.

### **FIRST CLAIM FOR RELIEF**

15. Plaintiff repeats the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. The Defendant Funds constitute moneys, negotiable instruments, securities, and or other things of value furnished or intended to be furnished in exchange for a controlled substance or

listed chemical in violation of Title 21, Subchapter I of the United States Code, or proceeds traceable to such an exchange or money intended to be used to facilitate a controlled substance offense.

17. As a result of the foregoing, the Defendant Funds are liable to condemnation and forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff requests that a warrant of this Court be issued for the arrest of the Defendant Funds; that notice of these proceedings be given to all interested persons; that the Defendant Funds be forfeited and condemned to the use of the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems just and proper.

Dated: Central Islip, New York
August 30, 2010

LORETTA E. LYNCH
United States Attorney
Attorney for Plaintiff
Eastern District of New York
271 Cadman Plaza, 7th Floor
Brooklyn, New York 11201

*Kathleen Nandan*
Kathleen Nandan
Assistant United States Attorney
(718) 254-6409

## VERIFICATION

1. I am a Task Force Officer with the Drug Enforcement Administration ("DEA") and, as such, have knowledge of the facts underlying this action.

2. I have read the within verified complaint *in rem* and know the contents thereof.

3. The matters contained in the within verified complaint *in rem* are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of DEA and other law enforcement agencies.

I, declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information, and belief.

Dated: Melville, New York
       August 30, 2010

_Lawrence Leake_
Lawrence Leake
Drug Enforcement Administration